UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JUSTIN A. MOSS,

        Petitioner,

        v.                           Case No. 12-C-0851

WILLIAM POLLARD,

        Respondent.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
FILED UNDER 28 U.S.C. § 2254, DISMISSING CASE,
AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner, Justin A. Moss, challenges his 2009 judgment of conviction in Fond du Lac County, Wisconsin, Circuit Court on one count of second degree sexual assault of a child under age sixteen. Moss, who is incarcerated in the Waupun Correctional Institution, is serving a twenty-year sentence. In his § 2254 habeas petition, Moss asserts that counsel was ineffective in failing to advise him and request a lesser-included jury instruction. For the reasons set forth below, the petition will be denied.

On October 15, 2008, a criminal complaint charged Moss with second degree sexual assault of a child under 16 years of age in violation of Wis. Stats. § 948.02(2). Moss stood mute at the arraignment, and the court entered a not guilty plea on his behalf. On September 15, 2009, the state filed a motion to admit other acts evidence. That motion was denied and the case proceeded to a jury trial. (Doc. 10-2 at 192-203.) On the second day of deliberations, the jury requested that several transcripts be read back to them. The court permitted one of the transcripts to be read, but not others. Around 4:45 p.m. on that day, the jury sent a note to the jury that they were unable to reach an agreement.

The parties agreed that the judge would read instruction 520 to the jury before asking them to continue deliberations in the morning. The instruction read as follows:

> You, jurors, are as competent to decide the disputed issues of fact in this case as the next jury that may be called to determine such issues. You are not going to be made to agree, nor are you going to be kept out until you do agree.
>
> It is your duty to make an honest and sincere attempt to arrive at a verdict. Jurors should not be obstinate; they should be open-minded. They should list to the arguments of others and talk matters over freely and fairly and make an honest effort to come to a conclusion on all of the issues presented to them.

(Doc. 10-2 at 620; Wis. J.I. - Criminal 520 (2001).) The judge read the instruction, and the next morning the jury deliberated less than two hours before reaching a verdict. The state moved for judgment on the verdict and the court ruled that there was sufficient evidence to support the verdict.

On December 10, 2009, the court sentenced Moss to 20 years confinement and 10 years of extended supervision. The court explained the reasons for the sentence, and considered that Moss and the victim were in a dating relationship and only two years apart in age. However, he noted that Moss used force even when she told him no. The court categorized Moss at very high risk to reoffend based on his juvenile and criminal record, and other sexual incidents including use of a knife. Moss filed a timely notice of intent to seek post-conviction relief through counsel. The State Public Defender appointed new counsel, who reviewed the file and filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellate counsel raised the following "issues of possible merit:" 1) sufficiency of the evidence; (2) ineffective assistance of counsel because Moss was found guilty; 3) erroneous exercise of discretion in sentencing; and the 4) jury instruction to

the deadlocked jury. Moss filed his own brief raising "character" and "truth," maintaining that he had never done anything but "kiss this girl and makeout." He asserted that her allegations were motivated by jealously and anger, and requested a polygraph test. (Doc. 10-2 at 76-77.)

The Wisconsin Court of Appeals ordered counsel to file a supplemental no-merit report addressing a hearsay objection made and withdrawn during the direct examination of witness Chad Clark and the trial court's reference to the possible application of the holding in *State v. Peters,* 166 Wis. 2d 168, 479 N.W.2d 198 (Ct. App. 1991). In her supplemental no-merit report, counsel addressed the issues and also addressed counsel's strategy. Trial counsel had focused on Moss's testimony that he did not commit the assault and that the victim fabricated her story for revenge because she had heard that Moss had sex with another woman. Further, the testimony of Caleb Endejan (friends with Clark and the victim) and Detective Brian Bartlet helped the defense strategy because both testified that the victim told them that the sexual assault was an attempt.

On March 16, 2011, the Wisconsin Court of Appeals affirmed the judgment of conviction summarily because there was no arguable merit that could be raised on appeal. (Doc. 10-2 at 91-97.) The court ruled, in part, that the jury instructions accurately conveyed the applicable law and the burden of proof.

Moss filed a petition for review with the Wisconsin Supreme Court raising the following six issues: (1) insufficient evidence; (2) ineffective assistance of counsel; (3) improper jury instructions regarding the deadlock; (4) abuse of discretion with respect to sentencing; (5) ineffective assistance of counsel for failing to request a lesser included offense jury instruction of "attempt 2nd degree sexual assault of a child under the age of 16;"

3

and (6) ineffective assistance of appellate counsel for failing to raise the lesser included. (Doc. 10-2 at 99-101.) Moss noted that the Wisconsin Court of Appeals did not address the final two issues. In his pro se brief, Moss urged the Wisconsin Supreme Court to remand the appeal for consideration of his claim that counsel (trial and appellate) should have addressed the lesser included offense jury instruction of attempt to commit second degree sexual assault of a child under 16 years of age. The state responded that it was not ineffective assistance of counsel to not request the lesser instruction, because it was objectively reasonable not to make the request in light of Moss's testimony that nothing happened at all. Requesting the lesser included would have provided the jury with another avenue of conviction under circumstances where it may have acquitted or failed to reach a verdict. (Doc. 10-2 at 128-134.) The Wisconsin Supreme Court denied the petition for review on October 24, 2011.

## CONCLUSIONS OF LAW

"A state petitioner seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (internal quotations marks omitted). In particular, a habeas petitioner must fully and fairly present his federal claims through one full round of state court review before he files his federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Mulero v. Thompson*, 668 F.3d 529, 536 (7th Cir. 2012). To fairly present a claim, the petitioner must include the operative facts and the controlling legal principles on which the claim is based, and also must alert the state court that the claim raised is based on federal law. *Chambers v. McCaughtry*, 264 F.3d

4

732, 737 (7th Cir. 2001). "[W]hen a petitioner has exhausted his state court remedies and failed to properly assert his federal claims at each level of review those claims are procedurally defaulted." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). Procedural default precludes federal court review of a petitioner's habeas claims. *See Mulero*, 668 F.3d at 536.

A habeas petitioner may overcome procedural default by (1) demonstrating cause for the default and actual prejudice, or (2) by showing that the Court's failure to consider the claim would result in a miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense," which prevents a petitioner from pursuing his constitutional claim in state court. *See Murray v. Carrier*, 477 U.S. 478, 492 (1986); *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013). Prejudice means actual prejudice infecting the "entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (citation omitted). A fundamental miscarriage of justice occurs when a habeas petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496.

In his petition, Moss asserted that counsel was ineffective for "failing to consult and advise petitioner he had the right to lessre [sic] included jury instruction and to request it." (Doc. 1.) On direct appeal, Moss responded to the issues raised in the *Anders* brief by arguing "truth" and by asking to take a polygraph. At all times Moss maintained his innocence, but he did not argue that counsel failed to advise him regarding a lesser included offense instruction or that counsel should have requested the instruction at trial. (Doc. 10-2 at 75-77.) The Wisconsin Court of Appeals reviewed the briefs and directed

5

appellate counsel to address the hearsay objection made by counsel and withdrawn during the direct examination of Chad Clark and the trial court's reference to *State v. Peters*, 166 Wis. 2d 168, 479, N.W.2d 198 (Ct. App. 1991). (Doc. 10-2 at 79.) After reviewing the supplemental brief and conducting an independent review of the record, the Wisconsin Court of Appeals affirmed the conviction finding "no arguable merit to any issue that could be raised on appeal." (Doc. 10-2 at 92.) Among other things, the Wisconsin Court of Appeals found that the jury instructions accurately conveyed the applicable law and burden of proof. (Doc. 10-2 at 93.)

Notably, Moss never initiated a postconviction collateral challenge in accordance with Wis. Stat. § 974.06. Rather, he waited until his petition for review to the Wisconsin Supreme Court to argue that "counsel was ineffective when he failed to request a lesser included offense jury instruction of attempt 2nd degree sexual assault of a child under the age of 16." (Doc. 10-2 at 99.) In a supplemental petition for review Moss asked the Supreme Court to "remand this appeal to the Court of Appeals to consider a meritorious claim that was overlooked by Appellate Counsel, the Court of Appeals, and Petitioner in his response to the no merit report." (Doc. 10-2 at 106.) He did not frame the failure to request lesser included issue as having any constitutional ramifications beyond *Strickland*.[1] Afterward, the Wisconsin Supreme Court denied the petition for review without discussion. (Doc. 10-2 at 136.)

Hence, Moss never raised a claim that counsel failed to advise him regarding the lesser included, and only raised the claim that counsel failed to request a lesser included

---

[1] The Seventh Circuit has concluded that, "in a noncapital case, there is no clearly established Supreme Court precedent" that would establish a defendant's right to a jury instruction on a lesser offense. *Calloway v. Montgomery*, 512 F.3d 940, 944 (7th Cir. 2008).

6

in his petition for review to the Wisconsin Supreme Court. Thus, his failure to give the Wisconsin courts a fair opportunity to act on his claim by omitting it from his appellate court filings and not properly presenting it the Wisconsin Supreme Court means that his claim is procedurally defaulted. *See Boerckel,* 526 U.S. at 844, 848; *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009) ("To obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review [by] fairly present[ing] the substance of [the] claims to the state courts by articulating both the operative facts and applicable law that entitles [one] to relief.").

Moss may excuse his default by showing that (1) there is cause and prejudice for the default, or (2) the absence of federal habeas review would result in a miscarriage of justice. *See House,* 547 U.S. at 536. He argues prejudice asserting that the jury was reluctant to return a verdict on the charged offense. Moss also claims that had trial counsel "consulted and advised him that he had such an option, he "Moss" would have instructed trial counsel to request it." (Doc. 19 at 5.)

The problem with Moss's argument is that the issue was raised with Moss and his counsel by the trial court before jury instructions were given. The transcript includes the following exchanges:

>     THE COURT:      Mr. Haase, are there any other instructions that you're requesting that you think might be applicable?
>
>     MR. HAASE:      No, Your Honor.
>
>     THE COURT:      All right. I went through and I didn't come up with anything either when I went back. So that takes care of the jury instructions .... The last thing I want to cover is whether there's any request on either side for a lesser included offense instruction. And I've done my own analysis of that. Ms. Ayala?

7

| | |
|---|---|
| MS. AYALA: | I don't think it's appropriate. |
| THE COURT: | Mr. Haase? |
| MR. HAASE: | No, Your honor, we are not requesting it. |
| THE COURT: | All right. Mr. Moss, do you have any idea what a lesser included offense is? |
| DEFENDANT: | No. |
| THE COURT: | Mr. Haase hasn't talked to you about that? |
| DEFENDANT: | No. |
| THE COURT: | All right. It's actually kind of hard to explain. And it's even more complicated in a sexual assault case. A lesser included offense is a less serious charge – well, it's one of two things. It's always a less or equally serious charge. And it either has, as far as proof, it doesn't have – the lesser, the less serious charge doesn't require the proof of anything more than what the more serious charge requires. That's one part of it. |
| | Or else by statute – let me just find the statute. Where by statute, for example, and that's 939.66, if there's a less serious or equally serious sexual assault charge or – strike that. I want to phrase it correctly. Under 939.66(2p) a lesser included offense includes a crime which is a less serious or equally serious type of violation under 948.02 than the one charge. And you've been charged under 948.02, second degree sexual assault of a child. And then (5) says, the crime of attempted battery when the crime charged is sexual assault of a child. |
| | Now, the analysis, however, is that a lesser included is appropriate only where there exist reasonable grounds in the evidence for acquittal on the more serious charge and conviction on the lesser charge. |
| | So although statutorily there may be lesser included offenses that are possibilities under 939.66(2p), I'm not so sure there is under (2p) but under (5), I don't see that, |

8

> based on that testimony, that there's any lesser included offense because either the jury believes that you had sexual intercourse with her, which is her testimony. In which case – and the record is clear that she was 15. The record is clear she testified it happened. And your testimony is that it never happened.
>
> So either it happened or it didn't happen. I don't see where there's any basis in the evidence, for example, to conclude that the jury could find you not guilty on the sexual assault but find you guilty on a battery because the sexual intercourse caused her pain. But causing her pain in the intercourse. If you had intercourse with her – the jury would find you had intercourse with her, you'd be found guilty of sexual assault of a child. You wouldn't be found guilty – you would be found not guilty of the sexual assault but guilty of a battery because you put your penis in her vagina and it hurt.
>
> So I just don't' see on this record any grounds for an acquittal on the more serious charge and a conviction on any category of a lesser included. It's complicated. It's hard to explain to lay people. It's hard for me to understand it and sometimes potentially for lawyers. So, I mean, that's the best I can do. Does that make any sense to you?
>
> DEFENDANT: Yes. A little.
>
> THE COURT: Yeah. I know it's complicated. I have a hard time trying to explain it. But the bottom line is, from my analysis of the record and looking at 939.66 and looking at 948.02 – I looked at all the offenses in Chapter 948 involving children – I just didn't see anything on this record for a lesser included offense. So I agree with both of the attorneys. It's not proper.

(Case No. 12-C-851, Doc. 10-2 at 486-489.) The court asked counsel whether the defense wished to request a lesser included and defense counsel responded "no."

The first hurdle that Moss has is that counsel was asked and made a decision not to request a lesser included. *In McAfee v. Thurmer*, 589 F.3d 353, 356 (7th Cir. 2009), the

9

Seventh Circuit addressed and rejected a *Strickland* challenge to defense counsel's decision to ask for a complete acquittal on first-degree intentional homicide, as opposed to requesting a conviction only on the lesser-included. *See id.* at 355. Although acknowledging that asking for a conviction on a lesser included may have been the better strategy in hindsight, the Seventh Circuit stated that "go[ing] for broke by seeking an acquittal on the more serious charge," was "well within the range of 'professionally competent assistance.'" *Id.* at 356 (quoting *Strickland*, 466 U.S. at 690). Similar to *McAfee*, the record here supports the conclusion that counsel made a strategic decision to "go for broke." *McAfee*, 589 F.3d at 356. Moss testified at trial and denied every aspect of the victim's testimony. He testified that none of the events ever happened, and even denied being at his Aunt Jackie's house at the time of the alleged incident. Moreover, defense counsel focused on the testimony of Caleb Endejan in which the victim told him twice the rape did not happen.

As to the prejudice prong, the trial court unequivocally stated on the record—before jury instructions—that the lesser included instruction was "not proper" because Moss's testimony and the strategy of the defense were inconsistent with attempted sexual assault. On this record, there is no showing of prejudice from counsel's failure to request the instruction because the court stated that there was no basis to grant such request. Finally, Moss has not come forward with any evidence to suggest that counsel's alleged failures to advise or request the lesser included instruction resulted in a wrongful conviction or amounted to a fundamental miscarriage of justice.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. *See*

10

*Miller–El v. Cockrell*, 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.*, 537 U.S. at 336. Under this standard, Moss must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In cases where a district court denies a habeas claim on procedural grounds, the court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See id.* Because this court cannot conclude that jurists of reason would find it debatable whether the habeas petition should have been resolved in a different way or otherwise debate the court's procedural rulings, the court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). Now, therefore,

IT IS ORDERED that Justin A. Moss's petition for writ of habeas corpus is denied.

IT IS FURTHER ORDERED that this case is dismissed.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE

11